UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| In re: | : | CASE NO. 3:21-CV-01130 (MPS) |
| | : | |
| Harold Cole | : | |
| Debtor, Appellant | : | Chapter 7 |
| | : | |
| Kara Rescia | : | CASE NO. 10-50091 (JAM) |
| Trustee, Appellee | : | |
| | : | November 17, 2021 |

**BRIEF OF THE APPELLANT, HAROLD COLE**

THE MOVANT / APPELLANT
Harold E. Cole

By:   /s/ Neal P. Rogan
Neal Rogan, Esquire
LAW OFFICES OF NEAL Rogan, LLC
315 Post Road West
Westport, CT 06880
(203) 341-8783 - phone
(203) 341-8560 - fax
Fed. Bar #ct13602

# Table of Contents

TABLE OF CONTENTS ........................................... i

TABLE OF AUTHORITIES ........................................ ii

TABLE OF APPELLATE JURISDICTION ............................. 1

ISSUES ON APPEAL ........................................... 1

STANDARD OF APPELLATE REVIEW ............................... 4

STATEMENT OF THE CASE ...................................... 4

STATEMENT OF THE FACTS ..................................... 6

SUMARY OF THE ARGUMENT ..................................... 6

ARGUMENT ................................................... 8

    I.   THE STANDARD FOR DEBTOR STANDING .................. 8

    II.  THE STANDARD FOR THE REMOVAL OF THE TRUSTEE ....... 10

    III. THE ROLE OF THE U.S. DEPARTMENT OF JUSTICE HANDBOOK
    FOR CHAPTER 7 TRUSTEES (HANDBOOK) ..................... 13

    IV.  DUTIES OF THE TRUSTEE VERSUS THE ADMINISTRATION OF THE
        BANKRUPTCY ESTATE ................................. 14

    V.   OTHER RELEVENT DIRECTIVES ........................ 31

    VI.  FALSE CLAIMS AND BRIBERY ......................... 33

    VII. THE BANKRUPTCY COURT DREW MULTIPLE ADVERSE
        INFERENCES AGAINST THE DEBTOR .................... 35

    VIII. THE BARTON DOCTRINE AND TRUSTEE IMMUNITY ........ 36

CONCLUSION ................................................. 40

Table of Authorities

**Federal Cases**

*Kaout v. Nationstar Mortgage, Inc.,*
576 B.R. 290, 295 (N.D.N.Y. 2017) ........................... 4

*Grella v. Salem Five Cent Sav. Bank,*
42 F.3d 26, 30 (1st Cir. 1994) .............................. 4

In re *Iridium Operating, LLC,*
478 F.3d 452, 461 n.13 (2d Cir. 2007) ...................... 5

*Anderson v. City of Bessemer,*
470 U.S. 564, 574 (1985)(quoting
*United States v. United States Gypsum Co.,*
333 U.S. 364, 395 (1948) See also
*F.D.I.C. v Providence Coll.,*
115 F.3d 136, 140 (2d Cir. 1997) ...................... 5, 35

In re *Great Road Service Center, Inc.,*
304 B.R. 547, 550 (1st Cir. B.A.P. 2004)(citations omitted) .. 8

*Price,*
173 B.R. at 441(quoting
*Northeastern Fla. Chapter of the Assoc. Gen. Contractors of
America v. City of Jacksonville, Fla.,*
113 S. Ct. 2297, 2302 (1993)) .............................. 8

In re *Toms,*
229 B.R. 646, 649 (Bankr. E.D. Pa. 1999) ................... 8

In re *Haugen Constr. Serv., Inc.,*
104 Bankr. 233, 240 (Bankr. D. N.D. 1989) ................. 11

In re *AFI Holding, Inc.,*
530 F. 3d 832, 845 (9th Cir. 2008) ........................ 11

In re *BH & P, Inc.,*
*103 Bankr. 556, 561 (BAnkr. D. N.J. 1989)* ................. 11

In re *Paolino,*
80 Bankr. 341, 344 (Bankr. E.D. Pa. 1987) ................. 11

*Matter of Schoen Enter., Inc.,*
76 Bankr. 203, 206 (Bankr. M.D. Fla. 1987) ................ 11

*Matter of Island Amusement, Inc.,*
74 Bankr. 18, 19 (Bankr. D. P.R. 1987) ..................... 11

*In re Mira-Pak, Inc.,*
72 Bankr. 430, 431 (Bankr. S.D. Tex. 1987) ................. 12

*In re Acadiana Electrical Serv.,*
66 Bankr. 164, 165 (Bankr. W.D. La. 1986) .................. 12

*United States ex rel. People's Banking Co. v. Derryberry (In re
Hartley),*
50 Bankr. 852, 859 (Bankr. N.D. Ohio 1985).  *See also
Matter of Freeport Italian Bakery, Inc.,*
340 F. 2d 50, 54 (2nd Cir. 1965) ........................... 12

*In re AFI Holdings, Inc.,*
*530 F.* 3d at 845 (9th Cir. 2008) .......................... 12

*In re All Island Trucking Leasing Group,*
546 B.R. 522 at 532 (Bankr. E.D.N.Y 2016.) ................. 15

*United States v Gellene,*
182 F.3d at 587 (internal quotations omitted) .............. 35

*Barton v Barbour,*
104 U.S. 126, 128 (1881) ................................... 36

*Vistacare Grp.,*
678 F. 3d 218, 232 (citations omitted) ..................... 37

*Dopico v. Goldschmidt,*
687 F.2d 644, 649 (2nd Cir. 1982) .......................... 37

*Duncan v AT T Communication, Inc.,*
668 F. Supp. 232, 234 (S.D.N.Y. 1987) ...................... 37

*In re Center Teleproductions, Inc.,*
112 B.R. 567, 576-77 (Bankr. S.D. N.Y. 1990) (quoting
*In re Cochise College Park, Inc.,*
703 F. 2d 1339, 1357 (9th Cir. 1983)) ...................... 38

*In re Gorski,*
766 F.2d 723, 727 (2d Cir. 1985), *citing
Hall and Baldrian v Perry (In re Cochise College Park, Inc.,* 703
F. 2d 1339, 1357 (9th Cir. 1983)) (quoting
*In re Center Teleproductions, Inc.,*
112 B.R. 567, 576-77 (Bankr. S.D. N.Y. 1990) ............... 38

*In re Vebeliunas,*
231 B.R. 181 at 192 (Bankr.S.D.N.Y.1999) .................... 40

**State Cases**

*In re First Connecticut Consulting Group, Inc.,*
579 B.R. 673, 684 (D. Conn. 2018) ........................... 8

*In re Lundborg,*
110 B.R. 106, 108 (Bankr. D. Conn. 1990, Shiff, J.) ........ 11

*Dieffenbach v. Haworth (In re Haworth).*
365 Fed. Appx. 529, 530-531, 2009 U.S. App. LEXIS 27457, *2 (2d.
Cir Conn. 2009) and cases ................................... 12

*In re DiLieto,*
468 B.R. 510 at 539 (Bankr. Conn 2012.)(internal quotations and
citations omitted.) ........................................ 17

*In re Biebel,*
Case No. 02-32868(LMW), Adv. Pro. No. 08-3115, 2009 WL 1451637,
at *10 (Bankr. D. Conn. May 19, 2009)(citations omitted) .... 36

*Scheuer v. Rhodes,*
416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)
(quoting
*In re Center Teleproductions, Inc.,*
112 B.R. 567, 576-77 (Bankr. S.D. N.Y. 1990) (quoting
*In re Cochise College Park, Inc.,*
703 F. 2d 1339, 1357 (9th Cir. 1983) ....................... 37

*Mosser v. Darrow,*
341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951) ............ 38

**Statues and Rules**

11 U. S.C. §323 (a) ........................................ 15

11 U. S.C. §323 (a)(b) ..................................... 39

11 U.S.C. §324 ............................................. 11

11 U.S.C. §503 (b)(1)(B)and(D) ............................. 19

11 U.S.C. §554 ............................................. 20

11 U.S.C. §704 ........................... 19, 20, 25, 28, 33, 42

11 U.S.C. §704 (a)(1) ....................................... 17

11 U.S.C. §704 (a)(2) ....................................... 17

11 U.S.C. §704 (a)(7) ....................................... 22

18 U.S.C. Title 18 §152 .................................... 51

18 U.S.C. §152 (2) ......................................... 51

28 U.S.C. §157(a)and(b)(1) .................................. 1

28 U.S.C. §158 (a) .......................................... 1

28 U.S.C. §586 .................... 30, 35, 40, 41, 42, 48, 49

28 U.S.C. §586 (a) ......................................... 62

28 U.S.C. §960 (b)(1) ................................... 21, 24

28 U.S.C. §1334 (b) ......................................... 1

28 C.F.R. §58.3 (b)(1) ..................................... 52

28 C.F.R. §58.6 (a)(1) .....................................25

28 C.F.R. §58.6 (a)(2) ..................................... 32

28 C.F.R. §58.6 (a)(3) ..................................... 62

28 C.F.R. §58.6 (a)(7) ............................. 40, 41, 42

28 C.F.R. §58.6 (a)(11) .................................... 49

Fed.R.Bankr.P.2015[Language amended April 1, 2017] ...... 28, 33

Fed.R.Bankr.P.2015 (a)(1) .......................... 26, 28, 33

Fed.R.Bankr.P.4003 (b) ............................. 19, 26, 42

Fed. R. Bankr.P.8013 ........................................ 4

## U.S. Department of Justice, Handbook for Chapter 7 Trustees

Trustee Handbook:

*1. Introduction*

    at p. 1-1 ........................................ 14, 41

    at p. 1-2 ............................................ 14

*2. Appointment to the Panel of Trustees*

    at p. 2-7 ............................................ 32

*4. Duties of a Trustee in the Administration of a case*

    at p. 4-1 ........................................ 20, 33

    at p. 4-2 ........................................ 15, 17

    at p. 4-4 ............................................ 18

    at p. 4-5 ........................................ 24, 26

    at p. 4-7 ............................................ 18

    at p. 4-10 ........................................... 19

    at p. 4-19 ........................................... 27

    at p. 4-20 ........................................... 28

    at p. 4-42 ........................................... 33

### STATEMENT OF APPELLATE JURISDICTION

The United State Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") has jurisdiction over the proceeding giving rise to this appeal pursuant to 28 U.S.C. §157 (a)and(b)(1), 28 U.S.C. §1334 (b). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §158 (a).

The *Order Denying Relief, Third Amended Motion to* Remove (Doc 1246) and *Order Denying Relief, Motion for Leave to File Civil* (Doc 1247) appealed are dated August 11, 2021. The notice of appeal commencing this appeal was filed on August 23, 2021 (Doc 1251). This is an appeal from a final judgement.

### ISSUES ON APPEAL

1. Did the Bankruptcy Court commit error when it refused to permit an evidentiary hearing on Debtor's Third Amended Motion to Remove the Chapter 7 Bankruptcy Trustee for Cause?

2. Did the Bankruptcy Court commit error when it refused to permit an evidentiary hearing on Debtor's Motion

1

for Leave to File an Amended Civil Action against the Chapter 7 Bankruptcy Trustee?

3. Did the Bankruptcy Court commit error when it failed to grant the Chapter 7 Debtor legal standing?

4. Did the Bankruptcy Court commit error when it failed to conduct an evidentiary hearing and review documentation to confirm whether the Trustee was acting outside the scope of her statutory authority?

5. Did the Bankruptcy Court commit error when failed to conduct an evidentiary hearing and review documentation to confirm whether the Chapter 7 Bankruptcy Trustee was acting in compliance with previously entered court orders?

6. Did the Bankruptcy Court commit error when it failed to require the Chapter 7 Bankruptcy Trustee to immediately resign when a conflict of interest or lack of disinterest was discovered and evolving?

7. Did the Bankruptcy Court commit error when it failed to hold an evidentiary hearing to determine if the

2

Trustee had abused her discretion, in converting non-estate assets to estate assets?

8. Did the Bankruptcy Court commit error when it failed to conduct an evidentiary hearing to investigate the Trustee's failure to uphold her statutory and fiduciary duties?

9. Did the Bankruptcy Court commit error when it failed to conduct an evidentiary hearing to investigate the Trustee's repeatedly providing non-factual, misleading and inflammatory information on the Court record?

10. Did the Bankruptcy Court commit error when it failed to uphold the guidelines of the U.S. Department of Justice, Executive Office for the United States Trustee, Handbook for Chapter 7 Trustees?

11. Did the Bankruptcy Court commit error when it ruled that the Debtor's Third Amended Motion to Remove the Chapter 7 Trustee was a Collateral Attack on the prior rulings of the court and the facts and circumstances of this case?

12. Did the Bankruptcy Court commit error when it ruled
    that the Debtor's Motion for Leave to file an Amended
    Civil Action was a Collateral Attack on the prior
    ruling of the court and the facts and circumstances
    of this case?

The Standard of Review for all Issues on Appeal is De
Novo.

<u>**STANDARD OF APPELLATE REVIEW**</u>

On appeal, a court may "affirm, modify, or reverse
a bankruptcy judge's judgement, order or decree or
remand with instruction for further proceedings." *Kaout
v. Nationstar Mortgage, Inc.*, 576 B.R. 290, 295
(N.D.N.Y. 2017)

When a district court reviews a decision of a
bankruptcy court it reviews the factual findings for
clear error and its legal conclusions are de novo. Fed.
R. Bankr. P. 8013; *Grella v. Salem Five Cent Sav. Bank,*
42 F.3d 26, 30 (1st Cir. 1994) This Court reviews *de
novo* the bankruptcy court's articulation of the

4

applicable legal standards.  In re *Iridium Operating, LLC*, 478 F.3d 452, 461 n.13 (2d Cir. 2007).

A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  See also *F.D.I.C. v Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997).

## STATEMENT OF THE CASE

On August 10, 2021 the Bankruptcy Court held a hearing on *Debtor's Third Amended Motion to Remove Chapter 7 Bankruptcy Trustee* (Doc 1186) and *Debtor's Motion for Leave of Court to File Amended Civil Action Against Chapter 7 Bankruptcy Trustee* (Doc 1216).  The Court made the determination that the Debtor has not established standing and denied Debtor's motions without an evidentiary hearing.

5

## STATEMENT OF THE FACTS

This Appeal involves the decision of the bankruptcy trial court denying the appellant's motion to have the trustee removed for cause and appellant's motion for permission for leave of the court to file a related civil action without the benefit of an evidentiary hearing at any time during the pendency of the chapter 7 proceeding.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court's finding without holding an evidentiary hearing on the issue of standing and the motion to remove and the leave to file a civil action was clearly erroneous because the trial court failed to allow Debtor the opportunity for an evidentiary hearing and the submission of documentary evidence and the trial court failed to take into account evidentiary documents and information previously made part of the record by the Debtor including but not limited to his Lists of witnesses (Doc 1167) and Exhibits (DOC 1130-1163), for evidentiary hearings that never took place.

Reviewing the Debtor's claims in light of the documentary evidence would have show that Debtor did have standing and the Trustee's failure to recognize it caused severe harm and damages to the Debtor as well as the other interested parties including the creditors. It would also show that the Trustee did in one or more instances breeched legal and fiduciary responsibilities and as such Debtor's motion to remove Trustee should be granted. Reviewing the Debtor's claims in light of the documentary evidence will show that the Trustee did in one or more instances exhibit trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, lack of disinterestedness or holding an interest adverse to the estate, where the trustee fails to perform his or her duties or unreasonably delays in the performance of those duties resulting in actual injury or fraud and as such, Debtor has the right to seek any remedies available by law and his motion to file a civil action should be granted.

## ARGUMENT

### I.  THE STANDARD FOR DEBTOR STANDING

An asserting party has the burden of establishing
standing. *In re Great Road Service Center, Inc.,* 304
B.R. 547, 550 (1st Cir. B.A.P. 2004)(citations omitted).

A debtor may have standing if there is a surplus
available to the estate after all creditors are paid in
full.  *In re First Connecticut Consulting Group, Inc.,*
579 B.R. 673, 684 (D. Conn. 2018).

A party seeking to invoke... standing must
demonstrate, among other things, that the party has
suffered, or is threatened with, 'injury in fact...'."
*Price,* 173 B.R. at 441 (quoting *Northeastern Fla.
Chapter of the Assoc. Gen. Contractors of America v.
City of Jacksonville, Fla.,* 113 S. Ct. 2297, 2302
(1993)).

Standing must be established as a preliminary
matter before any relief sought can be granted. *In re
Toms,* 229 B.R. 646, 649 (Bankr. E.D. Pa. 1999).

Before the Bankruptcy Court could have determined whether the Debtor had standing, it needed to determine if there was a surplus available to the estate after all creditors are paid in full. The Bankruptcy Court did not conduct further fact finding despite the documentary evidence placed on the record both as part of the Trustee's reporting process and the Debtor's list of witnesses and exhibits filed for hearings which were never held.  Although this information was available to the Court at the time of its decision, the Bankruptcy Court, relying on the statements of the Trustee, did not review it and the mere fact that they were filed has no probative value.

There can be no questions that this was a surplus estate, as the Trustee's inventory, which did not include the value of the Debtor's business, Ramase, or his personal collection, was over five times the claims amount.

By failing to hold an evidentiary hearing, the Debtor was deprived of his right to show the Trustee's

9

appraisals alone showed assets totaling $1,353,060 (Doc 1136) to satisfy $236,506.21 in claims (Doc 1147). At the time the third motion was filed, she had liquidated $669,256.35 (Doc 1147) and subsequent liquidations brought the total to nearly $804,000.00.

By failing to hold an evidentiary hearing, the Debtor was deprived of his right to prove, the Trustee had liquidated far in excess of the amounts needed to settle his bankruptcy estate and that due to Trustee restrictions and neglect other assets were lost, devalued or destroyed as further documented below. By continuing to deny the Debtor an evidentiary hearing, the Court was in essence preventing the Debtor from putting forward the evidence necessary to prove standing thus Debtor is being deprived of the rights standing afforded him and to seek relief as allowed by law.

## II.   THE STANDARD FOR REMOVAL OF A TRUSTEE

"The court, after notice and a hearing may remove a trustee, other than the United States trustee, for

cause."  11 U.S.C. §324. (a) "Cause, which is not
defined by the code, must be determined by the courts
on an *ad hoc* basis."  *In re Lundborg*, 110 B.R. 106, 108
(Bankr. D. Conn. 1990, Shiff, J.); *In re Haugen Constr.*
*Serv., Inc.,* 104 Bankr. 233, 240 (Bankr. D. N.D. 1989).

"It is well established that 'cause' may include
trustee incompetence, violation of the trustee's
fiduciary duties, misconduct or failure to perform the
trustee's duties, or lack of disinterestedness or
holding an interest adverse to the estate." *In re AFI*
*Holding, Inc.,* 530 F. 3d 832, 845 (9th Cir. 2008).

Cause has been found to exist, *inter alia*, where
the trustee is not disinterested, *In re BH & P, Inc.,*
*103 Bankr. 556, 561 (BAnkr. D. N.J. 1989); In re*
*Paolino*, 80 Bankr. 341, 344 (Bankr. E.D. Pa. 1987), and
where the trustee fails to perform his or her duties,
*Matter of Schoen Enter., Inc.,* 76 Bankr. 203, 206
(Bankr. M.D. Fla. 1987), or unreasonably delays in the
performance of those duties.  *Matter of Island*
*Amusement, Inc.,* 74 Bankr. 18, 19 (Bankr. D. P.R.

11

1987); *In re Mira-Pak, Inc.,* 72 Bankr. 430, 431 (Bankr. S.D. Tex. 1987).

In general, a party seeking the removal of a trustee must prove that there has been some actual injury or fraud. *In re Acadiana Electrical Serv.,* 66 Bankr. 164, 165 (Bankr. W.D. La. 1986); *United States ex rel. People's Banking Co. v. Derryberry (In re Hartley),* 50 Bankr. 852, 859 (Bankr. N.D. Ohio 1985). *See also Matter of Freeport Italian Bakery, Inc.,* 340 F. 2d 50, 54 (2nd Cir. 1965). The Second Circuit Court of Appeals has stated that, "[i]n defining 'cause' for removal, [w]e have traditionally stressed the elements of fraud and actual injury to the debtor interests." *Dieffenbach v. Haworth (In re Haworth).* 365 Fed. Appx. 529, 530-531, 2009 U.S. App. LEXIS 27457, *2 (2d. Cir Conn. 2009) and cases. Cause must be supported by specific facts, and the party seeking removal has the burden to prove them. *In re AFI Holdings, Inc., 530 F.* 3d at 845 (9th Cir. 2008).

These standards allow a trustee to be removed. Before the Court could have determined whether there was "cause", it needed to determine if there was trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, lack of disinterestedness or holding an interest adverse to the estate, where the trustee fails to perform his or her duties, or unreasonably delays in the performance of those duties and actual injury or fraud. Debtor's responsibility to show "cause" supported by specific facts required the opportunity to present the specifics.

**III.   THE ROLE OF THE U.S. DEPARTMENT OF JUSTICE,** *HANDBOOK FOR CHAPTER 7 TRUSTEES* **(the "***Trustee Handbook***")**

The U.S. Department of Justice, Executive Office for United States Trustees, *Handbook for Chapter 7 Trustees*, Effective October 1, 2012 (the "Trustee Handbook") states that the "…Handbook is intended to establish or clarify the view of the United States

13

Trustee Program on the duties owed by a chapter 7 trustee to the debtors, creditors, other interested parties in interest, and the United States Trustee." "The trustee is accountable for all duties set forth in this handbook."  See Trustee Handbook, section 1, at p. 1-1. "Although this Handbook is not intended to be a complete statutory reference, the trustee's primary statutory duties are set forth in part in section 704 of the Bankruptcy Code and are detailed more thoroughly in other parts of this Handbook." Trustee Handbook, Section 1 at p. 1-2.  As such, although the Handbook is not a replacement for the law, the establishments and clarifications within are not in conflict with the law and a trustee is accountable for what is set our therein.

The information presented herein from the Handbook is for the basis of establishing that trustee knew or should have known of these responsibilities.

IV.  **DUTIES OF THE TRUSTEE VERSUS THE ADMINISTRATION OF THE ASSETS OF THE BANKRUPTCY ESTATE**

"The chapter 7 trustee is the representative of the estate. 11 U.S.C. § 323(a).  The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority, and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property." Trustee Handbook, Section 4 at p. 4-2; 11 U.S.C. §704 (a)(1).

A trustee shall, "be accountable for all property received." 11 U.S.C. §704 (a)(2).

A chapter 7 case must be administered to maximize and expedite the dividends to creditors. "A chapter 7 trustee is a fiduciary of the estate whose principal duty is to administer estate property so as to maximize distribution to unsecured creditors, whether priority or general unsecured." *In re All Island Trucking Leasing Group*, 546 B.R. 522 at 532 (Bankr. E.D.N.Y 2016.)

The following summary explores example of the Trustee's responsibilities in regard to the asset of the bankruptcy estate, how they were administered and what evidence would have been provided to allow the Court to understand the Trustee was violating her duties.

At the time of conversion, Debtor's assets included:

1.  Bank account
2.  Shop in Wiscasset, ME
3.  Home/shop in Woodbury, CT
4.  Mill yard in Woodbury, CT (Location of RAMASE)
5.  Land (unimproved lots):
    a.  Bacon Pond, Woodbury (Industrial)
    b.  4 lots on Main Street North, Woodbury (Residential)
6.  RAMASE:
    a.  Business/goodwill
    b.  Equipment
    c.  Inventory
7.  Antiques inventory
8.  Personal Collection:
    a.  Household furnishings
    b.  Game room

1.   **Bank account** – Closed.

"The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries... as well as the debtor's interest in exemptions and in any possible surplus property." Trustee Handbook, Section 4 at p. 4-2. "Chapter 7 Trustee is an officer of the court and a fiduciary. These fiduciary duties are owed not only to the entire creditor body but to the debtor as well.  A Trustee has a duty to exercise that measure of care and diligence that an ordinary prudent person would exercise under similar circumstances." *In re DiLieto*, 468 B.R. 510 at 539 (Bankr. Conn 2012.)(internal quotations and citations omitted.)

Debtor's *Schedule C-Property Claimed as Exempt* (Doc 1137), included $1,000 of cash.  "The trustee must object to a claimed exemption if doing so benefits the estate.  11 U.S.C. § 704.  The objection must be filed within 30 days after the conclusion of the meeting of creditors or the filing of any amendment to the list or supplemental schedules.  Fed. R. Bankr. P. 4003(b).

17

The objecting party has the burden of proving that the
exemptions are not properly claimed.  If the trustee or
another party does not file a timely objection to an
exemption, it is deemed allowed. Trustee Handbook,
Section 4 at p. 4-4.  The Trustee did not timely object
to the claimed exemption, so it is allowed.  She acted
Ultra Vires when she took the $1,000 in exempted cash
and failed to return it to Debtor even after notice.
*Application to Remove* Trustee (Doc 933).

2.  **Shop in Wiscasset ME** - Lost to foreclosure.

"In asset cases, when the property is fully
encumbered and of nominal value to the estate, the
trustee must immediately abandon the asset...  11
U.S.C. §§ 554, 704.  "If a loss occurs as a result of
the trustee's failure to insure or protect estate
property, the trustee could be subject to liability
including a surcharge."  Trustee Handbook, Section 4 at
p. 4-7.

As the property in ME was nearly if not fully
encumbered with mortgage and tax liabilities its was of

only "nominal value to the estate" and thus the Trustee
was required to "immediately abandon it."  The Trustee
did not abandon it, she listed it for sale (Doc 518).
It was represented to Debtor through counsel that the
Trustee made an agreement with the mortgage holder to
receive $10,000.

"Any taxes incurred by the estate, whether secured
or unsecured, including property taxes, are allowable
as an administrative expense."  See 11 U.S.C. §§
503(b)(1)(B) and (D).  "The trustee is generally
required to pay property taxes in a business case on or
before their due dates, unless the taxes are secured by
a lien against property that is abandoned by the
trustee within a reasonable period of time after the
lien attaches."  28 U.S.C. § 960(b)(1).  Trustee
Handbook, Section 4 at p. 4-10.

   3.  **Home/Shop in Woodbury CT –** In foreclosure.

   Due to Trustee's disregard for Debtor standing and
the liquidation of assets well beyond that needed to
satisfy the claims in the case (Doc 1147)., the sale of

Exempt Ramase assets, the loss and deterioration of estate assets and the shutting down of the Ramase business detailed in section 6 below, the liquidation below highest and best value of Debtor's antiques inventory detailed in section 7 below and the liquidation of post Chapter 7 assets, detailed in section 8 below, Debtor has been unable to meet his mortgage obligations, and his home and CT shop are now in foreclosure.

   **4.  Mill yard** – Sold for ½ list price, without clear advertising.

   "Unless the court orders otherwise, the Trustee must furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(a)(7). Trustee Handbook, Section 4 at p. 4-1.  The Trustee sold real estate known as 35 Joshua Hill Road, Woodbury, Connecticut substantially below the market price and seemingly without proper advertising (Doc 1154). The Trustee failed to provide requested information regarding the

real estate that would have made it possible for the
Debtor to solicit other buyers even after committing to
do so (Doc 1154). The realtor selected by the Trustee
failed to provide requested information regarding the
real estate and when Debtor's POA called their office,
she was told they did not have the listing (Doc 1154).

The trustee sold this real estate without securing
the valuable assets of Debtor's business located there
on, as more fully detailed in section 6 below.

5.  **Unimproved lots: (a) Bacon Pond and (b) 4 lots on
North Main** - Lost to tax sale.

Taxes are an allowable administrative expense as
further described in section IV (2). The Trustee was
required to pay the property taxes on Debtor's real
estate or abandon it.  She did neither ultimately
causing five lots to be lost to tax sale, including a
56 acre parcel and a parcel zoned industrial.

6.  **Ramase**

a.  **business/goodwill** – Shut down or lost.

The trustee may be suspended or removed from the panel for, "Failure to safeguard or to account for estate funds and assets;" 28 C.F.R. §58.6 (a)(1). Trustee's failure to secure the assets of Ramase resulted in damage, destruction and loss to inventory of the bankruptcy estate and exempt equipment of the Debtor.  By selling its location, abandoning assets, liquidating exempt assets and essentially shutting down Debtor's business any goodwill was also lost.

b. **equipment** (Tools, instruments necessary for debtor's occupation) – Taken although exempt.

"The trustee must object to a claimed exemption if doing so benefits the estate.  11 U.S.C. § 704, as further described in section IV (1).

Debtor's Schedule C-Property Claimed as Exempt (Doc 1137), included "Tools, instruments necessary for debtor's occupation-In its entirety."  Although the Trustee did not file the necessary objection to this exemption as required by law and despite notice by Debtor that they were exempt, she acted Ultra Vires by

22

liquidating them.  In court on August 27, 2019, as
documented in *Trustees Objection to Debtor's Third
Amended motion to Remove Chapter 7 Bankruptcy Trustee,*
paragraph 17 the trustee represents, "...the exemption
taken for instruments necessary for a debtor's
occupation was not linked to any sufficiently described
or valued asset and therefore was no asset was properly
exempted." (Doc 1190) In fact they were included on
*Debtor's Exhibit to Schedule B* (Doc 52).

The Trustee took control of Debtor's exempt
equipment and left it and exposed to weather for nearly
two years before selling it at a greatly diminished
value acting ultra vires.

c. **inventory** – Part destroyed, part lost, balance
sold after it was allowed to deteriorate.

"The trustee should inventory the debtor's
property, unless the trustee accepts as that inventory
the debtor's Schedule A – Real Property and Schedule B
– Personal Property.  Fed. R. Bankr. P. 2015(a)(1).

The Trustee failed to have the inventory of the business RAMASE valued when she became trustee.

In *Trustees Objection to Debtor's Third Amended motion to Remove Chapter 7 Bankruptcy Trustee,* the Trustee documents that she was unable to obtain insurance for Debtor's assets.  Leaving these assets out of doors unprotected and uninsured for roughly two years cannot be considered liquidating quickly.

A trustee can be removed for, "Failure to perform duties in a timely and consistently satisfactory manner." 28 C.F.R. §58.6 (a)(2). Leaving valuable inventory unsecured and exposed to weather for nearly two years cannot be considered performing duties in a timely and satisfactory manner.

"Administrative expenses and litigation costs to be borne by the estate resulting from the recovery and sale of the property."  Trustee Handbook, Section 4 at p. 4-5.

Had Trustee looked into the administrative expense related to moving these assets, as she should have and

prior to the sale of the land, she should not have sold
the land where they were situated for a net to the
bankruptcy estate of less than $62,000 (*Motion For
Order Authorizing and Approving Private Sale of
Property..., * Doc 622) prior to any fees or expense of
the Trustee, far less than the value of the assets.

7.  **Antiques inventory/Sale** – improperly inventoried,
not inventoried, not sold for highest and best value.

   "The trustee should inventory the debtor's
property, unless the trustee accepts as that inventory
the debtor's Schedule A - Real Property and Schedule B
- Personal Property.  Fed. R. Bankr. P. 2015(a)(1).  In
addition to a written list, the trustee should consider
using other methods to document the assets, such as
videotaping the assets.  The inventory must be
sufficient to enable a trustee to later verify whether
an auctioneer or other liquidator has accounted for all
property turned over for sale." 11 U.S.C. § 704, Fed.
R. Bankr. P. 2015. [Language amended April 1, 2017.]"

The Trustee did not inventory all of Debtor's assets.  The antiques that were inventoried were not described at a level of detail sufficient to administer which has resulted in the sale of assets not part of the bankruptcy estate.  The Trustee did not employ other recommended methods of documentation which also would have prevented the sale of non-estate assets.

"In determining whether property has value to the estate that would result in a meaningful distribution to creditors, the trustee needs to consider a number of issues, including:  The fair market value of the property.  Value can be determined in various ways. The trustee can consult with the debtor... The basis for the value must be documented.  28 U.S.C.§ 586." Trustee Handbook, Section 4 at p. 4-5.

The Trustee's appraiser was unfamiliar with high end early American antiques.  Debtor provided the trustee with numerous examples of the appraiser's failure to properly identify items to establish value.

When employing professional, the Trustee is required to consider: "Does the person have special knowledge or skill usually achieved by study and educational attainments?" Trustee Handbook, Section 4 at p. 4-19. Debtor made Trustee aware that her appraiser did not have the proper knowledge to appraise early American antiques.  The Trustee liquidated assets using the inaccurate description of her appraiser.

Given the Trustees legal responsibility to gain highest and best value for estate assets, it would have been understandable if she chose an auctioneer who indicated they could achieve a higher result.  Instead, Trustee selected an auctioneer grossly unqualified.

Debtor never denied the necessity to liquidate assets but fought to assure his assets bought highest and best value.  Had the Court held an evidentiary hearing Debtor could have proven his claims before it was too late.

The Trustee is required to have items appraised prior to administering them to both determine if

administration will benefit the bankruptcy estate and to properly audit and control the sales process.  The Trustee failed to have items appraise prior to the second and third sales.  When requested to do so, by Debtor's POA she refused.

"It is critical that the trustee oversees the work performed by professionals and exercises appropriate business judgment on all key decisions.  The trustee must actively supervise estate professionals to ensure prompt and appropriate execution of duties, compliance with required procedures and reasonable and necessary fees and expenses. 28 U.S.C. § 586, 28 C.F.R. § 58.6(a)(7)."  Trustee Handbook, Section 4 at p. 4-20.

A trustee may be suspended or removed from the panel for "Failure to adequately monitor the work of professionals or others employed by the trustee to assist in the administration of cases." 28 C.F.R. 58.6(a)(7).

"The trustee must actively supervise the activities of the auctioneers to ensure that estate property is

protected against loss, that property is sold for
reasonable prices to independent buyers, that auction
proceeds are promptly and fully remitted, that
auctioneers timely submit accurate sale reports, and
that auctioneer expenses are actual and necessary and
paid in accordance with legal requirements. 28 U.S.C. §
586, 28 C.F.R. § 58.6(a)(7).

Not only did Trustee fail to supervise the
activities of the auctioneers to ensure that estate
property sold for reasonable prices, she refused to.

## 8.  Personal Collection

**a. Household furnishings** – Approximately 2/3rds
were sold

The trustee must object to a claimed exemption as
further described in section IV (1). Debtor's Schedule
C-Property Claimed as Exempt (Doc 1137), included
"household furnishings and wearing apparel-In its
entirety."  The Trustee did not timely object to the
claimed exemption, so it is deemed allowed and she
acted Ultra Vires when she liquidated them.

### b. Game room

All of the issues presented in section 7 above also pertain to this section including the impacts of the Courts failure to examine documents and/or hear testimony and the impact to the Debtor.

## 9. Post Chapter 7 and non-estate assets

Trustees authority only pertains to assets of the bankruptcy estate.  Trustee took non-estate assets belonging solely to Debtor's business partner thus not part of the bankruptcy estate in the first sale. The Trustee acted ultra vires when she sold these items.

The Trustee refused to meet to review proof documents in the first and third sales and refused to meet to review the accuracy of the legal and auditable purchase journals of the Debtor and his business partner prior to taking items for the third sale.  When repeatedly asked to meet, the Trustee responded through counsel, "...in order to agree to a meeting the Trustee would need to see an email from Ms. Heminway herself

stating that neither she nor the Debtor will object to any fees or expenses of the auctioneer."  (Doc 1130).

Despite her failure to examine the ledger and come to an understanding of how they work the Trustee represented that they were not reliable because they were "handwritten."

As a result, the majority of the items sold by the Trustee in the third sale were post chapter 7 assets. The Trustee abused her discretion when she ignored proofs of ownership and acted ultra vires when she sold them.

The financial impact to the Debtor has been devastating.  Reasonable estimation of the cost/loss to the Debtor would be in excess of $2,000,000, however because the court refused to hold the evidentiary hearings as requested by the Debtor, the full extent of the Debtor's damages remains speculative.

## V. OTHER RELEVANT DIRECTIVES

"If a trustee discovers a conflict of interest or a lack of disinterestedness after accepting the

appointment, the trustee shall immediately resign from the case 28 U.S.C. § 586." The estate has a potential cause of action against the trustee, is one example listed of an actual or potential conflict of interest or lack of disinterestedness. Trustee Handbook, Section 2 at p. 2-7.

"A trustee must conduct themselves in a manner that does not cast doubt on their honesty, integrity, or ability to faithfully administer bankruptcy cases.  A trustee may be suspended or removed from the panel if there is an action by or pending before a court or state licensing agency which calls the trustee's competence, financial responsibility or trustworthiness into question." 28 C.F.R. §58.6 (a)(11).

Despite the Debtor filing three motions to have the Trustee Removed for Cause and for leave to file Civil action the Trustee did not resign.

"A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the

32

professionals, or unduly delay the resolution of the case. 28 U.S.C. § 586. Trustee Handbook, Section 4 at p. 4-1.

The Trustee has liquidated in excess of $800,000 to settle approximately $237,000 in claims none of which have been paid.

## VI. FALSE CLAIMS AND BRIBERY

18 U.S. Code Title 18 §152 addresses among other things, false claims and bribery. "Individuals shall be fined under this title, imprisoned not more than 5 years, or both who:  knowingly and fraudulently make a false account in or in relation to any case under title 11, 18 U.S.C. §152 (2).

"That section makes it a crime for any individual to "knowingly and fraudulently:"

2) Make a false oath or account in relation to a bankruptcy case;

3: Make a false declaration, certification, verification or statement in relation to a bankruptcy case;" Trustee Handbook, Section 4 at p. 4-42.

33

"Because trustees are fiduciaries, trustees are held to a very high standard of honesty and loyalty.   A trustee must "Possess integrity and good moral character." 28 C.F.R. §58.3(b)(1).

The Trustee has repeatedly and consistently provided the court with inaccurate, misleading and un-factual information which has severely influenced the Court resulting in the Court issuing statements which are replete with inaccurate, misleading and un-factual information.

Had a hearing been held, evidence presented, and testimony taken it would have become clear that the Trustee's representations was untrue, her appraiser was not competent and she consistently misrepresented information to the Court thereby impeding the Court's fulfilling of its responsibilities.

"The omission of material information in a bankruptcy filing impedes a bankruptcy court's fulfilling of its responsibilities just as much as a

false statement." *United States v Gellene,* 182 F.3d at 587 (internal quotations omitted).

"A finding of fact is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). See also *F.D.I.C. v Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997).

"The omission of material information in a bankruptcy filing impedes a bankruptcy court's fulfilling of its responsibilities just as much as a false statement." *United States v Gellene,* 182 F.3d at 587 (internal quotations omitted).

**VII.  THE BANKRUPTCY COURT DREW ADVERSE INFERENCES AGAINST THE DEBTOR**

Had an evidentiary hearing been held, proof positive would have been presented that 100% of

Debtor's objections and filings were based on violations of his legal rights and to prevent damage to the bankruptcy estate.  Each action of the Debtor addressed the competency of the Trustee's experts, her failure to hold the professionals she employed accountable, her failure to stay within the law and to meet her fiduciary responsibilities, all of which has resulted in damage to all parties of interest in the bankruptcy estate but especially to the Debtor. Debtor's actions have only been what a reasonably prudent person would have done in these circumstances.

## VIII.  THE BARTON DOCTRINE AND TRUSTEE IMMUNITY

"[B]efore suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Barton v Barbour,* 104 U.S. 126, 128 (1881). "[to] obtain leave of court to sue a trustee, the requesting party must establish a *prima facie* case on the merits against the trustee." *In re Biebel,* Case No. 02-32868(LMW), Adv. Pro. No. 08-3115, 2009 WL 1451637, at *10 (Bankr. D. Conn. May 19, 2009)(citations

omitted); *see Vistacare Grp.,* 678 F. 3d 218, 232
(citations omitted).

"Generally, a complaint may be dismissed only if
its claims are unquestionably insufficient to entitle
the plaintiff to relief regardless of the supporting
facts that may be proven at trial." *Dopico v.
Goldschmidt,* 687 F.2d 644, 649 (2nd Cir. 1982); *Duncan
v AT T Communication, Inc.,* 668 F. Supp. 232, 234
(S.D.N.Y. 1987).  "Even where it is clear from the face
of the pleadings that recovery is remote, a complaint
will withstand a motion to dismiss so long as the
alleged facts set forth a legally sufficient cause of
actions." *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94
S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (quoting *In re
Center Teleproductions, Inc.,* 112 B.R. 567, 576-77
(Bankr. S.D. N.Y. 1990) (quoting *In re Cochise College
Park, Inc.,* 703 F. 2d 1339, 1357 (9th Cir. 1983)).

To prove a breach of fiduciary duty, a plaintiff
must show a bankruptcy trustee did not "treat all
creditors fairly and to exercise that measure of care

and diligence that an ordinarily prudent person under similar circumstances would exercise... Although a trustee is not liable in any manner for mistake of judgment where discretion is allowed, ...he is subject to personal liability for not only intentional but also negligent violations of duties imposed upon him by law." *In re Center Teleproductions, Inc.,* 112 B.R. 567, 576-77 (Bankr. S.D. N.Y. 1990) (quoting *In re Cochise College Park, Inc.,* 703 F. 2d 1339, 1357 (9th Cir. 1983)).

"But that immunity is only partial; a bankruptcy trustee may be held liable for negligent or willful acts in carrying out his statutory or other duties." *Mosser v. Darrow,* 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951); *In re Gorski,* 766 F.2d 723, 727 (2d Cir. 1985), *citing, Hall and Baldrian v Perry (In re Cochise College Park, Inc.,* 703 F. 2d 1339, 1357 (9th Cir. 1983)) (quoting *In re Center Teleproductions, Inc.,* 112 B.R. 567, 576-77 (Bankr. S.D. N.Y. 1990)

The Trustee is required to be familiar with relevant provisions of the Bankruptcy Code, Rules and case law.  28 U.S.C. §586 (a). 28 C.F.R. §58.6 (a)(3)."The Trustee in a case under this Title is the representative of the estate.  The Trustee in a case under this Title has capacity to sue and be sued."  11 U.S.C. §323 (a)(b).

The law is very clear, trustee immunity does not extend to negligence or willful acts in carrying out statutory or other duties.  Removing the Trustees and allowing the Debtor to file a civil complaint will allow him to show a trustee acted ultra vires, trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, lack of disinterestedness or holding an interest adverse to the estate, where the trustee fails to perform his or her duties, or unreasonably delays in the performance of those duties and actual injury or fraud.

## CONCLUSION

The bankruptcy trial court's consistent refusal to hold an evidentiary hearing on the issues presented in this appeal caused significant, actual, financial damage to the Debtor. For reasons that remain unclear, the bankruptcy trial court despite repeatedly stating that evidentiary hearings were held on the issue of standing and  The Motion to Remove The Chapter 7 Bankruptcy Trustee and  the Motion tfor leave to File a Civil Complaint is wholly unsupported in the record. Instead, what is supported in the record is that the trial court relied on multiple misrepresentations made by the Chapter 7 bankruptcy Trustee dueing whar should have been evidentiary hearings. As this Court is aware, the trustee is a fiduciary of the estate.  Although the Trustee knew or should have known the rights of the debtor, she denied debtor standing. Standing allows a debtor to have input into the disposition of the assets when he will be directly impacted.  The Trustee's, "fiduciary duties are owed not only to the entire

creditor body but to the debtor as well." *In re Vebeliunas,* 231 B.R. 181 at 192 (Bankr.S.D.N.Y.1999).

"The Bankruptcy Reform Act of 1978 removed the bankruptcy judge from the responsibility for day-to-day administration of cases. Debtors, creditors, and third parties litigating against bankruptcy trustees were concerned that the court, which previously appointed and supervised the trustee, would not impartially adjudicate their rights as adversaries of that trustee." Trustee Handbook, Section 1 at p. 1-1. It is not possible for debtor's rights to be impartially adjudicated when he has been barred from providing evidentiary matter. A review of the transcripts filed with this appeal will show that Debtor's POA provided critical information to the Court which the Court did not verify, choosing to believe the word of the Trustee who has never been examined under oath.

Regardless of Debtor standing, the Trustee has statutory/legal and fiduciary responsibilities which cannot be ignored. The guidance from the U.S.

41

Department of Justice, Chapter Seven Trustee's manual
is provided for Trustee's use.  These directives are
not in conflict with the law, and often cite the
underlying statute.

Trustee has failed, neglected or refused to adhere
to many statutory requirements as set out herein.  She
has breached her fiduciary responsibilities.  Trustee
immunity is intended to protect a trustee from mistakes
of judgement where discretion is allowed.  It is not
intended to bar the debtor from seeking relief for
trustee incompetence, violation of the trustee's
fiduciary duties, misconduct or failure to perform the
trustee's duties, lack of disinterestedness or holding
an interest adverse to the estate, where the trustee
fails to perform his or her duties or unreasonably
delays in the performance of those duties and actual
injury or fraud.

The trustee failed to meet her fiduciary duties,
abused her discretion, and in many instances acted
contrary to the law.  For reasons set forth herein, for

reasons set forth in his motion to remove trustee, his motion for leave to file a civil action and the complaint attached thereto, the debtor requests that the decision of the bankruptcy trial court be reversed and that his motion to remove trustee and his motion to file amended civil action be approved, or for such other and further relief as this Court deems just and equitable.

THE MOVANT / APPELLANT
Harold E. Cole

By:  /s/ Neal P. Rogan
Neal Rogan, Esquire
LAW OFFICES OF NEAL Rogan, LLC
315 Post Road West
Westport, CT 06880
(203) 341-8783 - phone
(203) 341-8560 - fax
Fed. Bar #ct13602

### Certificate of Compliance with Type-Volume Limit

Pursuant to Federal Rule of Bankruptcy Procedure 8015(7)(i)(h) the undersigned as counsel for the appellant certifies that he has relied on the word count of the word processing system used to prepare this brief and further certifies that the total number of words contained in the brief are 6,539. Further This document complies with the typeface requirements of Ded R. Bankr. P. 8015)a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 16.43 and using *Courier New* Font with a font size of 14.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the courts electronic filing system or by mail to anyone unable to accept electronic filing as

44

indicated on the notice of electronic filing.  Parties may access this filing through the courts CM/ECF System.

By:__/s/ Neal P. Rogan
Neal Rogan, Esquire