USDC APPEAL: 3:21-cv-01130-MPS
Consolidated with USDC APPEAL: 3:21-cv-01131-MPS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re HAROLD E. COLE, Debtor

HAROLD COLE, APPELLANT

v.

KARA S. RESCIA, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF HAROLD E. COLE, APPELLEE

Appeal from the United States Bankruptcy Court
Bankruptcy Case No. 10-50091 (JAM)

APPELLEE'S SUR-REPLY

KARA S. RESCIA, TRUSTEE
FOR THE BANKRUPTCY ESTATE
OF HAROLD E. COLE

BY HER COUNSEL,

By:/s/ Paige M. Vaillancourt
Paige M. Vaillancourt, Esq. CT30742
Kara S. Rescia, Esq. CT18001
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082
Email: paige@ctmalaw.com
Email: kara@ctmalaw.com
Tel No.: (860) 452-0052
Fax: (888) 970-8388

# **TABLE OF CONTENTS**

Table of Contents ................................................................................ 2

Table of Authorities ........................................................................... 3

Introduction ........................................................................................ 4

    I.    Sale of Real Estate Pursuant to 11 U.S.C. § 363 ............................ 5

    II.   Misrepresentation Regarding Administrative Expenses of the Bankruptcy Estate ............................................................ 6

    III.  Trustee's Duty to Inventory and Report Pursuant to Fed. R. Bankr. P. 2015(a)(1) ................................................ 6

    IV.  Standing of a Chapter 7 Debtor ...................................................... 7

    V.   Misrepresentations Made Regarding Bankr. Doc. Ids. 1136 and 1147 ...................................................................... 8

    VI.  Trustee's Ability to Operate the Business of a Chapter 7 Debtor ... 8

    VII.  Appellee Acted in Accordance With Her Duties and Final Orders of the Bankruptcy Court ................................................ 9

    VIII. Trustee's Lack of Obligation to Consider Information Provided by a Chapter 7 Debtor ........................................... 9

    IX.  Trustee's Duties Pursuant to 11 U.S.C. § 704(a)(7) ..................... 10

    X.   Appellee's Motion to Show Cause ................................................ 11

    XI.  Appellant's Request for Relief ...................................................... 11

Conclusion ........................................................................................ 12

Certificate of Compliance ................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Kohout v. Nationstar Mortgage, LLC*,
    576 B.R. 290 (Bankr. N.D.N.Y. 2017).............................................. 11–12

*In re Lundborg*,
    110 B.R. 106 (Bankr. D. Conn. 1990)...................................................... 10

**STATUTES**

11 U.S.C. § 363 ................................................................................. 5–6
11 U.S.C. § 704(a)(7)............................................................................. 10
11 U.S.C. § 721 ...................................................................................... 9

**RULES**

Fed. R. Bankr. P. 2015(a)(1).................................................................... 6
Conn. L. R. Bankr. P. 6004-2 .................................................................. 11

**OTHER AUTHORITIES**

Handbook for Chapter 7 Trustees,
U.S. DOJ Executive Office for United States Trustees ........................ 7, 9–10

## **INTRODUCTION**

Kara S. Rescia, Chapter 7 Trustee for the Bankruptcy Estate of Harold E. Cole ("Appellee"), hereby respectfully submits this sur-reply to the Reply Brief of the Appellant, Harold Cole ("Appellant"), filed on January 18, 2022 (Doc. Id. 30) ("Reply Brief"), for the purpose of correcting the record as to certain new allegations raised and misrepresentations made therein which are material to the instant appeal.

Appellee does not concede any factual or legal assertion made by Appellant in the Reply Brief and emphatically disagrees with the gross majority of those assertions made therein. Appellee respectfully requests that this Court refer to Appellee's Brief, filed on December 16, 2021 (Doc. Id. 27) ("Appellee Brief"), for Appellee's position on any assertion made by Appellant within the Reply Brief which is not specifically addressed in this sur-reply. In rendering the orders denying Appellant's Third Amended Motion to Remove Trustee (Bankr. Doc. Id. 1246) and Appellant's Motion for Leave of Court to File Amended Civil Action (Bankr. Doc. Id. 1247) (together, the "Orders"), the Bankruptcy Court considered the actual history of this case, which is extensive, including Appellant's numerous objections for which he had a generous amount of time and opportunity to present his arguments with support, despite his failure to meet his burden and establish that he has standing. *See* Appellee Brief at 13–17; Transcript of August 10, 2021 Hearing at 14–37[1].

---

[1] At this hearing, the Bankruptcy Court explicitly afforded Appellant the

Accordingly, Appellee respectfully requests this Court affirm the Orders of the Bankruptcy Court and deny Appellant's requests for relief.

I.     Sale of Real Estate Pursuant to 11 U.S.C. § 363

In an allegation raised for the first time in the Reply Brief, Appellant incorrectly asserts that Appellee improperly paid a secured creditor to the detriment of unsecured creditors of the bankruptcy estate in violation of her duties as trustee. Reply Brief at 6. Pursuant to 11 U.S.C. § 363, Appellee was required to pay the secured creditor referenced in the Reply Brief at 6, as well as tax claims secured against the property located at 35 Joshua Hill Road, Woodbury, Connecticut ("Joshua Hill Property"), in order to consummate said sale of estate property free and clear of liens in accordance with the Motion for Order Authorizing and Approving Private Sale of Property of the Estate Free and Clear of All Liens and Encumbrances ("Motion to Sell Joshua Hill Property") (Bankr. Doc. Id. 622) and the order approving same (Bankr. Doc. Id. 670). Because valid liens attach to the

opportunity to provide specific examples to support his allegations, as it had during numerous other hearings, stating, "Point me to one example, and I'm giving you the benefit of the doubt here because I don't believe you've established standing. But give me an example where Attorney Rescia has acted outside of her statutory authority or the authority provided in a court order with the regard to the retention of auctioneers and the sale of the assets." *See* Transcript of August 10, 2021 Hearing at 14. After hearing Appellant's proffer, the Bankruptcy Court concluded, "Aside from the issues with regard to the standing, which I again believe your client has not established that it has standing to make the arguments, nonetheless, the Court has allowed it for years in this case, and now a Chapter 7 case. Those arguments all fail, they are without merit, and your motion is denied." *Id.* at 37.

proceeds of a § 363 sale, in order for a bankruptcy estate to realize any benefit, those liens must be paid in full first. However, in this case, the secured creditor referenced by Appellant agreed to accept less than half of the payoff amount of the lien, which brought significant benefit to the Bankruptcy Estate, as set forth in the Motion to Sell Joshua Hill Property. Appellee dispensed with her duty in accordance with this statute to the benefit of the Bankruptcy Estate.

II.   Misrepresentation Regarding Administrative Expenses of the Bankruptcy Estate

Appellant alleges that Appellee incurred "excess administrative fees, primarily as a result of denying the Appellant his legal right to standing." Reply Brief at 6. The majority of the administrative expenses were incurred in this case due to its highly adversarial nature. These expenses continue to accrue with every objection and litigious action by Appellant.

III.   Trustee's Duty to Inventory and Report Pursuant to Fed. R. Bankr. P. 2015(a)(1)

In another allegation raised for the first time in the Reply Brief, Appellant incorrectly asserts that Appellee failed to report the results of her inventory of property of the Bankruptcy Estate to the Bankruptcy Court, citing Fed. R. Bankr. P. 2015(a)(1). Reply Brief at 9. Federal Rule of Bankruptcy Procedure 2015(a)(1) requires a trustee to inventory property of a bankruptcy estate and transmit said inventory to the United States Trustee within 30 days of appointment, unless such

inventory has been filed. Subsection 4(C)(3)(a) of the Trustee Handbook interprets the trustee's duty under this rule. It states that a trustee may accept a debtor's schedules of real and personal property as an inventory unless it lacks sufficient detail to determine the nature of the assets for the purpose of administration. Trustee Handbook at 4-3. It further states that a debtor has a duty to cooperate with the trustee in the creation of such inventory. *Id.* Appellee complied with this duty and has performed it to the best of her abilities despite Appellant's lack of cooperation, which includes the concealment of assets, as documented throughout the docket of this case. *See* Motion for an Order to Show Cause Why Debtor and Debtor's Authorized Agents Should Not Be Held in Contempt, filed on December 27, 2019 (Bankr. Doc. Id. 1002) ("Motion to Show Cause"). Appellee made the appropriate initial report to the United States Trustee and has timely provided all subsequent reports to the United States Trustee throughout this case in accordance with this duty. The United States Trustee, which has been intimately involved in the administration of this case, has not made any allegation that Appellee failed to fulfill this or any other duty. *See* Appellee Brief at 40–41.

IV.     Standing of a Chapter 7 Debtor

Appellant continues to fail to demonstrate that he has standing and patently misinterprets the nature of a Chapter 7 debtor's standing. Reply Brief at 7–8, 23. The issue of standing is discussed at length in Appellee's Brief at 13–17 and will not be

reiterated here for the sake of brevity. Appellant has alleged no fact in the Reply Brief which would imbue him with standing. Reply Brief at 7–8. Moreover, Appellant incorrectly asserts that because he allegedly has standing, he has a pecuniary interest in the Bankruptcy Estate and the right to seek damages. Reply Brief at 23. A debtor must first demonstrate that they have a pecuniary interest in order to have standing and, even then, a debtor must satisfy the Barton Doctrine and overcome a trustee's immunity in order to bring suit against a trustee for damages. *See* Appellee Brief 13–17, 32–39 and cases cited therein. Appellant had ample opportunity to meet his burdens of proof and has not met those burdens to date.

V.   Misrepresentations Made Regarding Bankr. Doc. Ids. 1136 and 1147

In the Reply Brief, Appellant misrepresents Bankr. Doc. Ids. 1136 and 1147 as "partial inventories" done by Appellee. Reply Brief at 9. These two documents are discussed in Appellee's Brief at 16–17. They are documents created and filed on the docket by Appellant. They were not created by Appellee. They are not an accurate representation of the actual inventories done by Appellee. This is a gross misrepresentation of fact by Appellant.

VI.   Trustee's Ability to Operate the Business of a Chapter 7 Debtor

Appellant misunderstands a trustee's ability to operate the business of a Chapter 7 debtor and makes a number of misrepresentations which will not be addressed in this sur-reply. Reply Brief at 12–13. The Appellee Brief addressed this issue at 21–

26, but Appellee further offers that 11 U.S.C § 721 provides that a trustee may operate the business of a Chapter 7 debtor "for a limited period." Even if Appellee had determined in her business judgment after her extensive investigation that it was in the best interest of the Bankruptcy Estate to operate the Ramase business as a going concern for a limited period and sought Court approval of same, such operation would not be in accordance with the expectations of Appellant. Most importantly, Appellant is collaterally estopped from raising this issue as the Ramase assets were sold in accordance with final orders of the Bankruptcy Court (Bankr. Doc. Id. 896).

VII.   Appellee Acted in Accordance With Her Duties and Final Orders of the Bankruptcy Court

Appellant has not made any showing of any ultra vires act taken by Appellee. Appellee addressed the allegations regarding the sale of exempt assets on a number of occasions. Appellee Brief at 21, 30–31, 38 at n. 15; *see, e.g.*, Transcript of August 31, 2021 Hearing at 50–51. Appellant has not provided any example of any asset which was improperly sold or possessed by Appellee. Appellee acted and sold assets of the Bankruptcy Estate in accordance with her duties and final orders of the Bankruptcy Court, which were not appealed by Appellant.

VIII.   Trustee's Lack of Obligation to Consider Information Provided by a Chapter 7 Debtor

Appellant incorrectly asserts that the Trustee Handbook imposes a legal

obligation on trustees to consider information furnished by a debtor. Reply Brief at 14. As discussed in Appellee's Brief at 40, the Trustee Handbook is not law, but rather a guidebook for trustees. Despite there being no legal obligation to do so and despite Appellant's misrepresentation to the contrary, Appellee met extensively with Appellant and his representative and did consider a volume of information provided by Appellant. *See* Appellee Brief at 27–30. That Appellee ultimately did not use the auction houses or valuations suggested by Appellant and rejected a number of Appellant's claims does not mean Appellee did not act in accordance with her duties. This issue is touched on in Appellee's Objection to the Motion to Remove and Response to Memorandum of Law, filed on February 10, 2021 ("Objection and Response") (Bankr. Doc. Id. 1190), in the discussion of *Lundborg*, in which case the allegations made were substantially similar. Objection and Response at 17–19. Appellee acted and sold assets of the Bankruptcy Estate in accordance with her duties and final orders of the Bankruptcy Court, which were not appealed by Appellant.

IX.     Trustee's Duties Pursuant to 11 U.S.C. § 704(a)(7)

In an additional allegation raised for the first time in the Reply Brief, Appellant asserts, without stating any clear basis, that Appellee failed to provide Appellant with requested information in violation of 11 U.S.C. § 704(a)(7). Reply Brief at 17. Appellant does not state what information Appellee failed to provide to him.

Appellee therefore cannot adequately respond to this allegation. However, it appears that this allegation relates to the final order of the Bankruptcy Court authorizing the sale of the Joshua Hill Property (Bankr. Doc. Id. 670), which was not appealed by Appellant.

X.    Appellee's Motion to Show Cause

Appellant appears to allege for the first time in the Reply Brief that Appellee filed the Motion to Show Cause in retaliation for Appellant asking for an appraisal of assets before their administration. Reply Brief at 18–19. Appellee filed the Motion to Show Cause for a variety of reasons, including Appellant's lack of cooperation with Appellee's inventory of assets. *See* Motion to Show Cause. In making this allegation, Appellant by extension alleges that Appellee sold assets without valuing them. Reply Brief at 18–19. In accordance with Conn. L. R. Bankr. P. 6004-2, Appellee filed sale motions which included the gross auction values for all assets to be sold in each sale. These sale motions were approved by the Bankruptcy Court in final orders, as set forth in the Order Granting Final Application for Compensation and Reimbursement of Expenses, entered on April 26, 2021 (Bankr. Doc. Id. 1224), all of which Appellant did not appeal.

XI.    Appellant's Request for Relief

Appellant requests relief in the Reply Brief which cannot be granted by an appellate court. As stated in the Appellant Brief, "On an appeal, 'a district court may

affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Kohout v. Nationstar Mortgage, LLC*, 576 B.R. 290, 295 (N.D.N.Y. 2017); *see* Appellant Brief at 4, Doc. Page 11. Despite this recital, Appellant "asks that his motions to remove the trustee and to file a civil action be granted." Reply Brief at 32.  Appellant specifically requests inappropriate relief which cannot be granted by a district court on appeal.

Additionally, Appellant misstates the current status of the bankruptcy case. Appellant states that the case "has been discharged" and as such he is entitled to seek damages for a period of two years following the closure of the case. Reply Brief at 16. Although an Order of Discharge has been entered in this case, the case is not closed as administration is not complete. Appellee has not yet filed her final report in this case. Regardless, Appellant fails to understand that the Barton Doctrine and principals of trustee immunity[2] would require him to seek leave from the Bankruptcy Court to file a state court action against Appellee, even after the case is closed. Appellant has not met his burden proscribed by these legal principals.

## CONCLUSION

The Reply Brief loses sight of the issues in this appeal and mires them in misrepresentations and new allegations. Appellant has not shown that he had standing to file the Third Amended Motion to Remove Trustee or the Motion for

---

[2] *See* Appellee Brief at 32–39.

Leave of Court to File Amended Civil Action or, alternatively, why this appeal is not a collateral attack on issues which were subject to final orders of the Bankruptcy Court. Appellant has not shown how Appellee has a conflict of interest with the Bankruptcy Estate. Appellant has not shown how the Bankruptcy Court abused its discretion by denying Appellant's requests for evidentiary hearings after its consideration of the "facts and circumstances of this case, the orders of [the Bankruptcy Court], the history of this proceeding, the docket and record of this case, and the fact that [Appellant's] arguments did not meet [his] burden . . ." Transcript of August 10, 2021 Hearing at 50.

Appellant has had his day in court. Despite Appellant's failure to establish standing, the Bankruptcy Court heard and considered Appellant's arguments, which have essentially been the same allegations rephrased in a number of ways throughout the years of this case. Appellant has had ample opportunity to prove his case and has failed. This Bankruptcy Estate has been severely burdened by protracted and frivolous litigation to the detriment of creditors and it should not be allowed to continue. Therefore, Appellee respectfully requests that this Court affirm the Orders of the Bankruptcy Court and deny Appellant's requests for relief.

# CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. Bankr. P. 8014(b), the undersigned hereby certifies that the foregoing Appellee's Sur-Reply complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(b) and Fed. R. App. P. 32(a)(7) because, excluding all parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 2,511 words and complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013 Version 15.0.5153.1000 in 14 point Times New Roman.

Dated at Enfield, Connecticut this 1st day of February, 2022.

/s/ Paige M. Vaillancourt
Paige M. Vaillancourt, Esq. CT30742
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082
Email: paige@ctmalaw.com
Tel No.: (860) 452-0052
Fax: (888) 970-8388

## <u>**CERTIFICATE OF SERVICE**</u>

In accordance with Fed. R. Bankr. P. 8011(d), the undersigned hereby certifies that on the 25th day of February, 2022, a true and correct copy of the foregoing Appellee's Sur-reply with Supplemental Appendix was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of the filing will be sent via email to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated at Enfield, Connecticut this 25th day of February, 2022.

/s/ Paige M. Vaillancourt
Paige M. Vaillancourt, Esq. CT30742
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082
Email: paige@ctmalaw.com
Tel No.: (860) 452-0052
Fax: (888) 970-8388